UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BAILEY ANDERSON,

　　　　　　Plaintiff,

　　v.

JAMES JOLLY, et al,.

　　　　　　Defendants.

CASE NO. 3:15-CV-05286-BHS-JRC

ORDER TO SHOW CAUSE

　　　　Plaintiff Scott Bailey Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint but provides plaintiff leave to file an amended pleading by January 8, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

　　　　Plaintiff is currently incarcerated at Washington State Penitentiary ("WSP") and alleges that defendants retaliated against him while he was incarcerated at Stafford Creek Corrections Center ("SCCC"). Dkt. 17 at 1.

　　　　Plaintiff alleges that on July 12, 2014, he was placed in administrative segregation at SCCC pending an investigation of a possible fight/assault. *Id.* at 3. After the investigation was complete, plaintiff was infracted for assault on another offender and for threatening another

1  offender. *Id.* Plaintiff was found guilty of threatening another inmate but the assault infraction
2  was dismissed. *Id. See also* Dkt. 17-1 at 5.

3  Plaintiff alleges that once defendants Jolly, Jones, Sullivan and Albrecht and non-party
4  Baltzell found out about plaintiff's scheduled release from administrative segregation, they filed
5  a "facility separatee" to keep plaintiff in segregation. *Id.* at 4. Plaintiff alleges that SCCC
6  administration then filed for an institutional override/demotion to medium custody due to the fact
7  that plaintiff still had a minimum custody score. *Id.* Plaintiff alleges that both the "facility
8  separatee" and the institutional override were done in retaliation for the finding that plaintiff was
9  not guilty of the assault infraction. *Id.* at 5.

10  According to the documents submitted by plaintiff in support of his complaint, plaintiff
11  appealed his infraction. Dkt. 17-1 at 8. On appeal, plaintiff's infraction for threatening another
12  inmate was affirmed. *Id.*

13  Plaintiff alleges that he was transferred to CBCC which is a more violent facility and that
14  he has received less visits than while incarcerated at SCCC. *Id.* at 5. Plaintiff also alleges that
15  legal correspondence from the risk management office related to tort proceedings was stolen by
16  CBCC corrections staff. *Id.*

17  Plaintiff seeks $50,000 in compensatory damages. *Id.* at 6.

## DISCUSSION

19  Under the Prison Litigation Reform Act of 1995, the Court is required to screen
20  complaints brought by prisoners seeking relief against a governmental entity or officer or
21  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
22  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
23  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
24

1 who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
2 152 F.3d 1193 (9th Cir. 1998).

3       In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
4 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
5 the violation was proximately caused by a person acting under color of state law. *See Crumpton*
6 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
7 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
8 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually
9 named defendants caused, or personally participated in causing, the harm alleged in the
10 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

11       Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an
12 amended complaint.

13 **A.**    **First Amendment Retaliation**

14       Plaintiff alleges that defendants retaliated against plaintiff by implementing an
15 institutional override and "facility separatee" on plaintiff after he was found guilty for
16 threatening another inmate and not guilty for the assault infraction. Dkt. 17 at 3-5. Before there
17 can be retaliation for the exercise of a constitutional right, the inmate must engage in conduct
18 that is constitutionally protected. *See, e.g., Rhodes v. Robinson,* 408 F .3d 559, 567–68 (9th Cir.
19 2004) (*citing Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni,* 31 F.3d
20 813, 815–16 (9th Cir. 1994)). *See e.g., Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)
21 (inmates are engaged in constitutionally protected conduct when they file prison grievances).

22       Further, to prove a First Amendment claim of retaliation under § 1983, plaintiff must
23 show: (1) he was subjected to adverse action; (2) the adverse action was imposed because of
24

1   certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the

2   adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a

3   legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

4         Plaintiff has not sufficiently alleged facts supporting a claim of retaliation. Plaintiff has

5   not alleged that the type of activity he was engaged in was constitutionally protected. Plaintiff

6   was found guilty of threatening another inmate but the assault infraction was dismissed. Dkt. 17

7   at 3-5. Although plaintiff's complaint is not entirely clear, it appears that he alleges that

8   defendants retaliated against him for the actions that lead to his infraction and the finding that

9   plaintiff was not guilty of assault. *Id.* However, threatening another inmate is not constitutionally

10   protected conduct and therefore, not protected conduct for the purpose of a First Amendment

11   retaliation claim. *See, e.g., Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir. 1994) (prisoner

12   suing prison officials for retaliation must allege *inter alia* that he was retaliated against for

13   exercising his constitutional rights).

14         Nor does plaintiff demonstrate how the finding that he was not guilty of assault is

15   constitutionally protected conduct. First, plaintiff himself did not make the not guilty finding,

16   thus, it is unclear how plaintiff could have been engaged in any constitutionally protected

17   conduct when SCCC staff determined plaintiff was not guilty of assault. Moreover, plaintiff does

18   not allege that he was retaliated against for exercising constitutionally protected rights such as

19   filing a complaint, grievance or appeal or testifying in his own defense during the disciplinary

20   hearing.

21         Without allegations that plaintiff was engaged in constitutionally protected conduct and

22   knowledge of such conduct by defendants, plaintiff has failed to state a claim for retaliation. If

23   plaintiff chooses to file an amended complaint, plaintiff must provide specific facts showing how

24

he was engaged in constitutionally protected conduct and how defendants' actions constituted retaliation and violated plaintiff's constitutional rights.

### B.     Destruction of Legal Correspondence at CBCC

In addition to plaintiff's claims against the named defendants while incarcerated at SCCC, plaintiff also alleges that while housed at CBCC, his legal correspondence was destroyed by DOC officials. Dkt. 17 at 5.

However, unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed.R.Civ.P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Also, an amended complaint may not change the nature of a suit by alleging new, unrelated claims. *George,* 507 F.3d at 607 (no "buckshot" complaints).

Thus, if plaintiff chooses to file an amended complaint, he should omit any claims unrelated to the named defendants. If plaintiff wishes to pursue this claim against different defendants while incarcerated at CBCC, he must file a separate cause of action.

//

## C. DOC as Defendant

Plaintiff includes the Department of Corrections ("DOC") Olympia as a defendant in his civil rights claim. Section 1983 creates a cause of action for a Plaintiff whose constitutional rights have been violated by any "person" acting under color of law. 42 U.S.C. § 1983. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment). If plaintiff chooses to file an amended complaint, he should omit the DOC Olympia as a defendant.

## D. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

1  the original complaint by reference. The amended complaint will act as a complete substitute for

2  the original complaint, and not as a supplement.  An amended complaint supersedes the original

3  complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

4  *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended

5  complaint must be complete in itself and all facts and causes of action alleged in the original

6  complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.

7  The Court will screen the amended complaint to determine whether it contains factual allegations

8  linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize

9  service of the amended complaint on any defendant who is not specifically linked to a violation

10  of plaintiff's rights.

11      If plaintiff fails to file a amended complaint or fails to adequately address the issues

12  raised herein on or before **January 8, 2016** the undersigned will recommend dismissal of this

13  action as frivolous pursuant to 28 U.S.C. § 1915.

14      The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

15  civil rights complaint and for service. The Clerk is further directed to send copies of this order

16  and Pro Se Instruction Sheet to plaintiff.

17      Dated this 7th day of December, 2015.

_____

J. Richard Creatura
United States Magistrate Judge