UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BAILEY ANDERSON,

Plaintiff,

v.

JAMES JOLLY, et al,.

Defendants.

CASE NO. 3:15-CV-05286-BHS-JRC

SECOND ORDER TO SHOW CAUSE

Plaintiff Scott Bailey Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's amended complaint (Dkt. 19) under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's amended complaint but provides plaintiff leave to file an amended pleading by February 12, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff is currently incarcerated at Washington State Penitentiary ("WSP") and alleges that defendants retaliated against him while he was incarcerated at Stafford Creek Corrections Center ("SCCC"). Dkt. 19 at 1.

Plaintiff alleges that on July 12, 2014, he was placed in administrative segregation at SCCC pending an investigation of a possible fight/assault. *Id.* at 3. After the investigation was

complete, plaintiff was infracted for assault on another offender and for threatening another offender. *Id.* Plaintiff was found guilty of threatening another inmate but the assault infraction was dismissed. *Id.* Plaintiff alleges that the investigation showed that two other inmates, Roy Johnson and Jesse Johnson ran into plaintiff's cell and attacked him. *Id.*

Plaintiff alleges that once defendants James, Jolly, Jones, Sullivan, Baltzell and Albrecht found out about plaintiff's scheduled release from administrative segregation, they filed a "facility separatee" to keep plaintiff in segregation. *Id.* at 4. Plaintiff alleges that SCCC administration then filed for an institutional override/demotion to medium custody due to the fact that plaintiff still had a minimum custody score. *Id.* Plaintiff alleges that both the "facility separatee" and the institutional override were done in retaliation for the finding that plaintiff was not guilty of the assault infraction. *Id.* at 5.

Plaintiff alleges that he was transferred to Clallam Bay Corrections Center ("CBCC") which is a more violent facility and that he has received less visits than while incarcerated at SCCC. *Id.* at 5.

Plaintiff also alleges that legal correspondence from the risk management office related to tort proceedings was stolen by CBCC corrections staff. *Id.* Plaintiff alleges that the stolen legal documents further stress the emotional trauma and pattern of antagonism towards plaintiff. *Id.* Plaintiff's amended complaint states that the facts related to the destruction of legal correspondence should be used to establish a pattern of retaliation and that plaintiff does not seek to raise an independent access to courts claim. *Id.* at 13.

Plaintiff seeks $50,000 in damages. *Id.* at 16.

SECOND ORDER TO SHOW CAUSE - 2

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's amended complaint suffers from deficiencies requiring dismissal if not corrected in a second amended complaint.

### A. First Amendment Retaliation

Plaintiff alleges that defendants retaliated against plaintiff by implementing an institutional override and "facility separatee" on plaintiff after he was found guilty for threatening another inmate and not guilty for the assault infraction. Dkt. 19 at 3-5. Before there can be retaliation for the exercise of a constitutional right, the inmate must engage in conduct

1 | that is constitutionally protected. *See, e.g., Rhodes v. Robinson,* 408 F .3d 559, 567–68 (9th Cir.
2 | 2004) (*citing Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni,* 31 F.3d
3 | 813, 815–16 (9th Cir. 1994)). *See e.g., Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)
4 | (inmates are engaged in constitutionally protected conduct when they file prison grievances).

5 |     Further, to prove a First Amendment claim of retaliation under § 1983, plaintiff must
6 | show: (1) he was subjected to adverse action; (2) the adverse action was imposed because of
7 | certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the
8 | adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a
9 | legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

10 |     Plaintiff has not sufficiently alleged facts supporting a claim of retaliation. Plaintiff has
11 | not alleged that the type of activity he was engaged in was constitutionally protected. Plaintiff
12 | was found guilty of threatening another inmate but the assault infraction was dismissed. Dkt. 19
13 | at 3-5. Although plaintiff's complaint is not entirely clear, it appears that he alleges that
14 | defendants retaliated against him for the actions that lead to his infraction and the finding that
15 | plaintiff was not guilty of assault. *Id.* However, threatening another inmate is not constitutionally
16 | protected conduct and therefore, not protected conduct for the purpose of a First Amendment
17 | retaliation claim. *See, e.g., Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir. 1994) (prisoner
18 | suing prison officials for retaliation must allege *inter alia* that he was retaliated against for
19 | exercising his constitutional rights).

20 |     Nor does plaintiff demonstrate how the finding that he was not guilty of assault is
21 | constitutionally protected conduct. First, plaintiff did not make the not guilty finding, thus, it is
22 | unclear how plaintiff could have been engaged in any constitutionally protected conduct when
23 | SCCC staff determined plaintiff was not guilty of assault. Moreover, plaintiff does not allege that
24 |

SECOND ORDER TO SHOW CAUSE - 4

he was retaliated against for exercising constitutionally protected rights such as filing a complaint, grievance or appeal or testifying in his own defense during the disciplinary hearing.

Without allegations that plaintiff was engaged in constitutionally protected conduct and knowledge of such conduct by defendants, plaintiff has failed to state a claim for retaliation. If plaintiff chooses to file a second amended complaint, plaintiff must provide specific facts showing how he was engaged in constitutionally protected conduct and how defendants' actions constituted retaliation and violated plaintiff's constitutional rights.

**B.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the original complaint, and not as a supplement.  An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before **February 12, 2016** the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 11th day of January, 2016.

J. Richard Creatura
United States Magistrate Judge