UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BAILEY ANDERSON,

                Plaintiff,

v.

JAMES JOLLY, et al.,

                Defendants.

CASE NO. C15-5286BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 41), and Plaintiff Scott Bailey Anderson's ("Anderson") objections to the R&R (Dkt. 42).

On June 1, 2016, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion for summary judgment. Dkt. 41. On June 10, 2016, Anderson filed objections. Dkt. 42.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 1

1      With regard to the majority of Anderson's objections, Judge Creatura adequately addressed Anderson's arguments.  For example, inmates do not have a protected liberty interest in placement at any specific facility or at any specific custody level.  *See* Dkt. 41 at 9–10.  Therefore, the Court adopts the R&R in full on this issue.

      With regard to Anderson's retaliation claim, Judge Creatura correctly concluded that Anderson does have a right not to be retaliated against for engaging in protected conduct and that Anderson failed to submit sufficient evidence on the elements of his claim.  It is undisputed that Anderson received two infractions on July 12, 2014.  The hearing officer found Anderson guilty of one infraction and dismissed the other.  Anderson claims retaliation as a result of having the second infraction dismissed.  This theory is at most implausible and at least unsupported by the record.  In fact, Anderson fails to recognize that he was a borderline minimum security prisoner and that the infraction that was sustained, in addition to Anderson's history of violence and infractions, plausibly resulted in the change of status finding.  Simply put, Anderson fails to show an absence of a legitimate correctional goal for increasing Anderson's offender status based on the infraction that was sustained.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

      Therefore, the Court having considered the R&R, Anderson's objections, and the remaining record, does hereby find and order as follows:

(1)      The R&R is **ADOPTED**;

(2)      Defendants' motion for summary judgment is **GRANTED**;

1     (3)    This action is **DISMISSED**; and

2     (4)    Anderson's *in forma pauperis* status is **REVOKED** for purposes of appeal.

3     Dated this 25th day of July, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge